CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 14 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BOBBY N. WOODY, JR., <br> Plaintiff, | ) <br> ) <br> ) Civil Action No. 6:05cv00045 |
| v. | ) <br> ) |
| JO ANNE B. BARNHART, <br> COMMISSIONER OF SOCIAL SECURITY, <br> Defendant. | ) <br> ) By: Hon. Michael F. Urbanski <br> ) United States Magistrate Judge <br> ) |

## REPORT AND RECOMMENDATION

Plaintiff Bobby N. Woody, Jr. ("Woody") brought this action for review of the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The case was referred to the undersigned Magistrate Judge on January 17, 2006 for report and recommendation. After briefing and oral argument, and based on a thorough review of the administrative record, it is recommended that defendant's motion for summary judgment be denied, plaintiff's motion for summary judgment be granted and the case be reversed and remanded to the Commissioner for further consideration of the Medical Vocational Guidelines.

I.

Plaintiff was born on July 24, 1954, and attended school through the tenth grade. (Administrative Record, hereinafter "R." at 20, 60, 81, 202, 205) Plaintiff previously worked as Department of Transportation laborer. (R. 16, 76, 215-17) Plaintiff first filed an application for DIB on September 12, 2002; however, his claim was initially denied, and a request for rehearing was timely filed. (R. 15) Plaintiff appeared at an administrative hearing on February 24, 2004, where he amended his alleged onset date to January 24, 2004, six months prior to his fiftieth

birthday. (R. 15) On May 28, 2004, the Administrative Law Judge ("ALJ") issued a decision denying plaintiff's claims for DIB.[1] (R. 24) The ALJ found that although plaintiff's degenerative disc disease and Morton's neuroma are severe impairments, the conditions do not meet or medically equal a listed impairment. (R. 23) The ALJ also found that plaintiff's complaints of physical pain were not totally credible, and that he retained the residual functional capacity ("RFC") to perform sedentary work. (R. 23) Additionally, the ALJ considered Woody a "younger individual age 45 to 49," and using the Medical-Vocational Guidelines as a framework for decision-making, the ALJ determined there are jobs that exist in sufficient numbers for a person with his physical limitations. (R. 23)

The ALJ's decision became final for purposes of judicial review under 42 U.S.C. § 405(g) on November 25, 2005, when the Appeals Council denied plaintiff's request for review. (R. 5-7) Plaintiff then filed this action challenging the Commissioner's decision denying his claim for benefits from January 24, 2004 through May 28, 2004.

## II.

This case involves a narrow legal issue, as well as a narrow period of claimed benefits. The legal issue is whether there is substantial evidence to affirm the decision of the ALJ not to apply the Medical-Vocational Guidelines (the "grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, early in this case. The Medical-Vocational Guidelines consist of a matrix of four factors identified by Congress – physical ability, age, education and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant

---

[1] Woody filed a subsequent application for DIB, which was granted, and he received benefits as of May 29, 2004. Thus, his claim for benefits in this case is for a closed period.

numbers in the national economy. Heckler v. Campbell, 461 U.S. 458, 461-62 (1983). Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform. Id. at 462.

The Commissioner has established three age categories: younger person (under age 50); person closely approaching advanced age (age 50 to 54); and person of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)-(e). Age is considered in combination with RFC, education and work experience under the grids. Regulations prohibit the Commissioner from applying the age categories mechanically in borderline situations. 20 C.F.R. § 404.1563(b). Woody argues that because he was just shy of his fiftieth birthday at the relevant time period, he should have been considered a person closely approaching advanced age, directing a finding of disability under the grids. The Commissioner argues that the ALJ appropriately considered non-mechanical application of the grids in this borderline case, but chose not to apply the grids prior to Woody's fiftieth birthday based on the medical evidence of record.

Plaintiff claims only four months of benefits in this case. In Woody's second application for DIB he was awarded benefits as of May 29, 2004, after the ALJ applied the grids two months prior to plaintiff's fiftieth birthday. In that subsequent decision, the ALJ considered Woody a person closely approaching advanced age, despite the fact he had not yet turned fifty, and found that Medical-Vocational Rule 201.10 directed a finding of disability, due to his limited education, lack of transferable skills, and RFC for sedentary work. See Pl.'s Br. App. I, at 3. In this appeal, Woody argues that the ALJ likewise should have considered the grids in a non-mechanical fashion and found him to be disabled.

3

Judicial review of disability cases is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). In making this substantial evidence determination, the court must consider whether the ALJ analyzed all of the relevant evidence and sufficiently explained his findings and his rationale for crediting or discrediting certain evidence. See Sterling v. Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

### III.

Woody argues correctly that the age requirements set forth in the grids are not to be applied in mechanical fashion, and that in borderline cases, a grid rule may be applied early. The regulations provide that:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).

The first issue to consider, therefore, is whether Woody's age presents a borderline situation allowing early application of the grids. The Tenth Circuit extensively discussed this issue in Daniels v. Apfel, 154 F.3d 1129, 1133 (10th Cir. 1998), and found a claimant who was sixty-five days short of advanced age fell within a borderline situation. In Varley v. Secretary of

4

Health & Human Services, 820 F.2d 777, 780 (6th Cir. 1987), the Sixth Circuit held that for purposes of determining age under the grids, "the claimant's age as of the time of the decision governs." Accord Greene v. Barnhart, No. 3:01cv616, 2002 U.S. Dist. LEXIS 25436, at *31 (E.D. Va. Oct. 8, 2002) ("[T]he relevant time frame is when the matter was before the ALJ, not later in the process."); see also Wilkins v. Sec'y Health & Human Servs., 953 F.2d 93, 95 (4th Cir. 1991) (holding that the relevant period for considering new and material evidence presented to the Appeals Council is the date of the ALJ's decision). As of the date of the ALJ's decision, May 28, 2004, Woody was fifty-seven days shy of his fiftieth birthday. As such, his case presents a borderline situation, and the regulations require the ALJ to consider whether to apply the grids early.

At the administrative hearing, colloquy between the ALJ and Woody's attorney suggests that the ALJ did not accept the proposition set forth in 20 C.F.R. § 404.1563(b) that he should consider applying the grids early in borderline situations. (R. 203-04) The ALJ advised counsel that "I would never make anybody older than they are. I would try to make them younger. Now, you may attempt to do that." (R. 203)

While the ALJ's decision appears to temper his position at the hearing by acknowledging that the regulations "allow for non-mechanical use of the age limits in borderline situations," (R. 21), the decision contains no substantive analysis regarding whether the grids should be applied early in this case. Instead, the ALJ rejected early application of the grids because "in this case controlling weight is given to the claimant's treating orthopedic specialist who opined that the claimant was capable of a limited range of sedentary work." (R. 21)

5

Case 6:05-cv-00045-NKM-mfu   Document 15   Filed 08/14/06   Page 5 of 8   Pageid#: 72

Yet, the calculus set forth in the grids transcends the mere assessment of a claimant's physical work capacity and considers other vocational factors, including age, education and existence of transferable skills. 20 C.F.R. § 404.1563(b) requires the ALJ to consider "whether to use the older age category after evaluating the overall impact of all the factors of your case." This the ALJ did not do. By focusing entirely on the opinion of Woody's treating physician as to his physical capacity for a limited range of sedentary work, the ALJ sidesteps the regulatory requirement that he consider all of the factors in deciding whether to apply the grids early in a borderline case.

## IV.

There is a further problem with the legal analysis employed by the ALJ in this decision. At the end of his discussion of the grids' application, the ALJ adds the following: "The Administrative Law Judge notes that a finding of disability directed by the grid rules would be inappropriate in this case because of the presence of non-exertional limitations." (R. 21) As the Commissioner acknowledged at oral argument, this statement by the ALJ is inconsistent with the law. This statement seems to suggest that the grid rules may not be employed any time non-exertional limitations exist, which is simply not the case. Certainly, non-exertional limitations may lead to a finding of disability where the grids alone do not; however, if the grids indicate disability, such a conclusion is not unraveled by the presence of non-exertional limitations.

The grids provide the Commissioner with administrative notice of classes of jobs available in the national economy for persons who have, among other things, certain disability characteristics such as exertional limitations. See 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 200.00-204.00. The grids do not take into account non-exertional limitations such as pain, loss of

6

Case 6:05-cv-00045-NKM-mfu   Document 15   Filed 08/14/06   Page 6 of 8   Pageid#: 73

hearing, loss of manual dexterity, and postural and environmental limitations. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983). When a claimant suffers from both exertional and non-exertional limitations, there must first be a determination as to whether the claimant is disabled based on strength limitations alone, and, if a finding of disability cannot be reached on those limitations, the Commissioner must then take into consideration how much the individual's work capability or available vocational opportunities are further diminished by the claimant's non-exertional limitations. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); Wilson v. Heckler, 743 F.2d 218 (4th Cir. 1984); Roberts v. Schweiker, 667 F.2d 1143, 1145 (4th Cir. 1981); 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 200.00(a), (d)-(e)(2); 20 C.F.R. § 404.1569.

In short, if the application of the grids results in a finding of disability, the grids should not be disregarded merely because claimant also suffers from non-exertional limitations, contrary to what the ALJ's decision seems to suggest. Walker, 889 F.2d at 49. Because this incorrect statement of the law directly follows the ALJ's reason for not applying the grids early, there is no way for a reviewing court to determine whether this misstatement affected the ALJ's decision not to apply the grids early. As a result, this case must be remanded to the Commissioner for further consideration of this issue.

## V.

The ALJ's failure to appropriately consider early application of the grids in this borderline case, combined with the legal error noted above, compels a finding that the ALJ's decision is not supported by substantial evidence. Accordingly, the undersigned recommends that defendant's motion for summary judgment be denied, plaintiff's motion for summary judgment be granted, and this case be reversed and remanded under sentence four of 42 U.S.C.

Case 6:05-cv-00045-NKM-mfu Document 15 Filed 08/14/06 Page 7 of 8 Pageid#: 74

§ 405(g) to the Commissioner for further consideration of the record. 42 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing."). On remand, the Commissioner is directed to appropriately consider whether to apply the grids early in this case under 20 C.F.R. § 404.1563(b).

The clerk is directed to immediately transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

**ENTER:** This __14th__ day of August, 2006.

Michael F. Urbanski
United States Magistrate Judge